

FILED
SEP 15 2017
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DIANE H. HATTON<br><br>            Debtor.<br>_____<br>DIANE H. HATTON,<br><br>            Plaintiff,<br><br>v.<br><br>VENTURES TRUST 2013-I-J-R BY<br>MCM CAPITAL PARTNERS, LLC ITS<br>TRUSTEE,<br><br>            Defendant.<br>_____ | Case No. 16-90946-D-13<br><br><br><br><br><br>Adv. No. 17-9004-D<br><br>Docket Control No. EMM-1<br><br>DATE:  September 5, 2017<br>TIME:  10:00 A.M.<br>DEPT:  D |

## MEMORANDUM DECISION

On June 8, 2017, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), incorporated herein by Fed. R. Bankr. P. 7012(b), for failure to state a claim upon which relief can be granted. The plaintiff filed opposition and the court issued an extensive tentative ruling prior to the initial hearing. The ruling was dispositive on the issues raised by the parties; under the ruling, the motion would have been granted and the adversary proceeding would have been dismissed. However, because there was substantial argument on the ruling, the court continued the hearing to give the plaintiff the opportunity to cite additional authority for her position (and the defendant the opportunity to reply). The court

was quite specific about the continuance: the plaintiff was to present, if she could, controlling or persuasive case law that had not yet been cited on the particular notice issue addressed in the tentative ruling and discussed at length at the initial hearing.

Instead of citing additional authority, the plaintiff used her supplemental brief to inform the court of a judgment issued by the Mariposa County Superior Court in the unlawful detainer proceeding between the parties. The judgment was issued by the state court on August 2, 2017, following a trial concluded on July 31, 2017, 20 days after the date of the initial hearing on the defendant's motion to dismiss this adversary proceeding.[1] Neither party apprised this court of the pending trial or of the fact that the same issue had been or was to be presented to both courts, virtually simultaneously.

The state court ruled in the plaintiff's favor for two reasons.[2] First, the court found that the defendant is not qualified to do business in the State of California, and therefore, California law barred the defendant from access to the California courts. Second, on the effect of this court's in rem order, the state court ruled directly contrary to this court's original tentative ruling. The state court concluded, based on Cal. Code Civ. Proc. § 405.23 (concerning notices of pending

---

1. According to the state court judgment, the trial was held May 22, June 19, and July 31, 2017.

2. The plaintiff in this adversary proceeding and her husband were the defendants in the state court action and the defendant in this adversary proceeding was the plaintiff. For this ruling in the adversary proceeding, the court will use the denominations of the parties in the adversary proceeding.

action), that the defendant was required to serve a copy of the in rem order on the plaintiff and her husband, and because the defendant failed to do so, its foreclosure sale was void as having been conducted in violation of the automatic stay in the plaintiff's chapter 13 case. The judgment provided no meaningful analysis or controlling authority for its holding. In her supplemental brief on the defendant's motion to dismiss the adversary proceeding, the plaintiff cited no authority that would alter this court's original tentative ruling on the substantive issue of the effect of the in rem order, instead citing only the state court judgment and arguing it has collateral estoppel effect on the motion to dismiss.[3]

The plaintiff's collateral estoppel argument fails because the essential element of a final judgment is not present. The defendant filed a timely motion for reconsideration of the state court judgment, set for hearing on September 25, 2017, which extended the time for filing a notice of appeal. Cal. Rule of Court 8.108(e). Further, as pointed out by the defendant, the state court lacked the authority to determine the issue of whether notice is required of a bankruptcy court's in rem relief from stay order – a core bankruptcy issue. See <u>McGhan v. Rutz (In re McGhan)</u>, 288 F.3d 1172, 1179, 1180 (9th Cir. 2002); <u>Gruntz v. County of Los Angeles (In re Gruntz)</u>, 202 F.3d 1074, 1082 (9th

---

3. Of course, if the plaintiff had not taken this court up on its offer to allow supplemental briefing on the one precise issue, this court would have adopted its tentative ruling as its final ruling, and the shoe would be on the other foot insofar as the plaintiff's collateral estoppel argument is concerned. That is, this court's order would have predated the state court's judgment, if in fact, the state court had gone ahead with its ruling.

Cir. 2000). In any event, this court has the authority to review the state court's ruling. McGhan, 288 F.3d at 1178-79; Gruntz, 202 F.3d at 1083. This court is not persuaded by the state court's interpretation of an in rem order issued under § 362(d)(4) of the Bankruptcy Code as analogous to a lis pendens.

In ruling on a Rule 12(b)(6) motion, a court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009), citing Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court assesses whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" al-Kidd, 580 F.3d at 949, citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), in turn quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In her complaint, the plaintiff, who is the debtor in the underlying chapter 13 case in which this adversary proceeding is pending, alleges the defendant violated the automatic stay, as well as the plaintiff's due process rights under the United States Constitution and the California Constitution, when it conducted a foreclosure sale three and a half weeks after the plaintiff filed her bankruptcy petition. The defendant contends the foreclosure sale was authorized by an order for relief from stay the defendant had obtained in an earlier chapter 13 case in which the plaintiff's spouse was the debtor. That order was an "in rem" order; that is, it provided, as permitted by § 362(d)(4) of the Bankruptcy Code, that "[i]f recorded in compliance with

applicable state law governing notices of interests or liens in real property," the order would be binding in any other bankruptcy case purporting to affect the property filed no later than two years after the date of entry of the order.

The plaintiff's spouse has been the debtor in three successive chapter 13 cases in this court. (The plaintiff was not a debtor in any of those cases.) In the third, the defendant, on proper notice to the plaintiff's spouse (who was the debtor in the case) and without opposition from him or an appearance by him at the hearing, obtained the in rem order. No appeal was taken and the in rem order became final. After that case was dismissed and before the plaintiff filed her chapter 13 case, the defendant recorded the in rem order with the County Recorder of the county in which the property is located. The plaintiff alleges and the defendant does not dispute, at least for purposes of this motion, that it did not give notice to the plaintiff of the in rem order or the recording of that order. The question of notice to the plaintiff is the primary issue here.

However, first, the plaintiff contends the in rem order was "in excess of" the relief requested in the motion by which the defendant obtained it – the motion in the plaintiff's spouse's third case – because the motion "failed to disclose . . . that it sought an <u>in rem</u> remedy against the Real Property which would provide relief from stay for two years from the date of the entry of the order in any subsequent bankruptcy case." Plaintiff's Opp., DN 19 ("Opp."), at 2:11-13. The plaintiff is correct that the specific words "provide relief from stay for two years . . .

in any subsequent bankruptcy case" do not appear in the defendant's motion that resulted in the in rem order. However, in the first sentence of the motion, the defendant stated it "moves this Court for an order confirming that the automatic stay is not in effect under 11 U.S.C. §362(c)(4)(A)(ii) and for in rem relief pursuant to [11] U.S.C. §362(d)(4) . . . ." Defendant's Motion in Case No. 16-90209, DN 17, at 1:24- 25. Further, the motion described the three cases in which the plaintiff's spouse was the debtor and argued those cases were filed "to unfairly delay, hinder or defraud Movant from proceeding with the foreclosure of the subject property." Id. at 2:4-5. Finally, in the prayer to the motion, the defendant requested an order "[p]ursuant to §362(d)(4) confirming that this case was filed in bad faith to delay, hinder or defraud Movant." Id. at 3:2-3. That language combined to put the debtor in the case – the plaintiff's spouse – on notice that in rem relief was sought in the motion.

Section 362(d)(4) provides that if the court finds a bankruptcy filing to have been "part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property," the court shall grant relief from stay. The section goes on to describe the effect of an order issued on such a finding: if recorded in compliance with applicable state law, the order shall be binding for two years "in any other case under this title purporting to affect such real property." There is nothing in the statute, and the plaintiff has cited no authority, requiring that the language of § 362(d)(4) describing the effect of an in rem order be

included in the motion for such an order. The court finds that the plaintiff's spouse, as the debtor in the prior case, was on notice sufficient to apprise him that an order under § 362(d)(4) was in prospect and that its effect would be the effect given it by the Bankruptcy Code.

Next, the plaintiff complains that the defendant did not serve the motion for the in rem order on the plaintiff, "despite Defendant's knowledge that Plaintiff was a trustor under the Deed of Trust" (Opp. at 2:14-15), and that the defendant did not serve the in rem order on either the plaintiff or her spouse, despite the fact that her spouse was the debtor in the case. The plaintiff cites no authority, and the court is aware of none, for the proposition that a co-owner of property is entitled to notice of a motion in a bankruptcy case in which she is not a debtor. On the contrary, a person who is not a debtor in the case is not entitled to notice of a motion for relief from stay. <u>Black v. HSBC Bank, USA, N.A. (In re Black)</u>, 514 B.R. 605, 614 (Bankr. E.D. Cal. 2014). And if the plaintiff was not entitled to notice of the motion, it would make no sense to require her to be notified of the order on the motion. In fact, the applicable rules did not require notice of entry of the in rem order on either the plaintiff or her spouse, who was the debtor in the case.[4]

---

4. The applicable bankruptcy rule requires notice of entry of an order on "the contesting parties and on other entities as the court directs" (Fed. R. Bankr. P. 9022), and this court's local rule provides that "[u]nless otherwise ordered by the Court, the requirements of Fed. R. Bankr. P. 9022 shall be satisfied by service of the notice of entry of judgment or of order on only those contesting parties who appeared in connection with the judgment or order." LBR 9022-1(a). As already

Next, the plaintiff complains the defendant never gave her notice of its recording of the in rem order with the County Recorder, and therefore, the in rem order "is not binding as to Plaintiff's interest in the Real Property." Opp. at 3:8-9. "Actual notice is required to create an interest in or lien in real property under California law." Id. at 3:9-10. The problem with the argument is that the in rem order did not purport "to create an interest in or lien in" the property: the defendant already had a lien in the property by way of a deed of trust. The in rem order simply granted relief from stay in the spouse's case and in "any other case" purporting to affect the property filed within the subsequent two years. If the plaintiff's theory were correct, an in rem order issued under § 362(d)(4) could never be valid against, for example, someone who, unbeknownst to the party seeking to foreclose, acquires title to the property after the in rem order is obtained; that is, someone the foreclosing party is not aware of, and thus, cannot give notice to. Yet the Code provides exactly that - that an in rem order applies "in any case" purporting to affect the property.

The Ninth Circuit Bankruptcy Appellate Panel has held that "[a]n order entered under § 362(d)(4) binds any party asserting an interest in the affected property, including every non-debtor, co-owner, and subsequent owner of the property." Alakozai v. Citizens Equity First Credit Union (In re Alakozai), 499 B.R. 698, 704 (9th Cir. BAP 2013); see also Alakozai, at 703, citing In re

---

indicated, the plaintiff's spouse, who was the debtor in the case, did not oppose or appear at the hearing on the defendant's motion for relief from stay and for in rem relief.

Muhaimin, 343 B.R. 159, 169 (Bankr. D. Md. 2006) ("If granted, Section 362(d)(4) relief would nullify the ability of the Debtor and any other third party with an interest in the property to obtain the benefits provided by the automatic stay in future bankruptcy cases for a period of two years.").

The plaintiff attempts to distinguish Alakozai on the ground that in that case, the debtor-wife, during whose bankruptcy case the foreclosure sale took place, had been a debtor in multiple earlier cases filed by both the debtor and her husband, although she was not a debtor in the husband's case in which the in rem order was entered. "In contrast, Plaintiff has never been a co-petitioner or party to any of [her husband's] cases." Opp. at 6:18-19. "Furthermore, the decision of In re Alakozai is silent as to how notice is to be given to a non-filing co-owner who does not receive notice." Id. at 6:19-20. The distinctions fail for the simple reason that nothing in § 362(d)(4) or the case law requires that notice of an in rem order be given to anyone – not the debtor in the bankruptcy case in which the order was entered nor a co-owner nor a subsequent owner. The necessary notice was notice of the motion for in rem relief, which was given to the plaintiff's spouse, as the debtor in the case. He chose not to oppose the motion, and, if the plaintiff is to be believed, not to inform the plaintiff – his spouse – of the motion or the order. That is of no moment because the order was "in rem"; that is, it was binding "in any other [bankruptcy] case . . . purporting to affect" the property, no matter who the debtor in

the subsequent case was.[5]

For this reason, the plaintiff's analogies to the creation and enforcement of involuntary liens, such as mechanic's liens and so on, are distractions. The recording of an in rem order does not create a lien at all and it does not operate as part of the process of enforcing a lien; it merely affords the moving party relief from stay in future cases. The statute requires only that the order be "recorded in compliance with" applicable state law so that it becomes a matter of public record. It does not go into state law requirements for creating liens, enforcing liens, foreclosing under a deed of trust, or anything else. In short, the in rem order did not give rise to any additional notice requirements; it merely provided that upon recordation in accordance with California law, there would be no automatic stay in "any other [bankruptcy] case" concerning the property filed within the next two years.[6]

---

5. "When a bankruptcy court grants in rem relief under § 362(d)(4), and the order is recorded in accordance with state law, it removes the subject property from the protection of the automatic stay not only in the current case, but in all subsequent bankruptcy cases, regardless of who files them, for the following two years." Reed v. N.Y. Cmty. Bank (In re Reed), 2016 Bankr. LEXIS 4240, *8-9 (9th Cir. BAP 2016).

6. The plaintiff relies heavily on the language in § 362(d)(4) and the in rem order requiring the order to be "recorded in compliance with applicable State laws governing notices of interests or liens in real property." The last sentence of subsection (d)(4) dispels any notion of a notice requirement. That sentence requires any governmental unit "that accepts notices of interests or liens in real property" to "accept any certified copy of an order described in this subsection for indexing and recording." § 362(d)(4) (emphasis added). Thus, in the context of this subsection, "notices of interests or liens in real property" are documents that are "accepted for recording" by, for example, a county recorder. There is no indication that the language "notices of interests or liens in real property" is intended to impose a notice

- 10 -

Finally, the plaintiff argues the defendant's failure to provide the notices discussed above violated her constitutional due process rights. Thus, the plaintiff's arguments depend on the proposition that § 362(d)(4) is itself unconstitutional, a conclusion the court is not prepared to draw. Due process issues were implicitly in play in the Bankruptcy Appellate Panel's decision in <u>Alakozai</u>, a case virtually on all fours with the present one. Yet the panel concluded that

> under § 362(b)(20), the automatic stay in a subsequent bankruptcy case simply does not operate to prohibit a creditor from taking action to enforce a lien that is the subject of a § 362(d)(4) order. In other words, Mrs. Alakozai was bound by the terms of the In Rem Order even though she was not a debtor in the Fourth Case, and the automatic stay arising from the filing of the Fifth Case did not invalidate the trustee's sale of the Property.

<u>Alakozai</u>, 499 B.R. at 704-05.[7]

To conclude, taking all the allegations of the plaintiff's complaint as true; that is, accepting as true her allegations that she did not receive notice of the motion for the in rem order or of the order or of the recording of the order, the complaint nevertheless fails to state a claim to relief that is plausible on its face. This is because the issues are issues of law, not of fact. Accordingly, the court will grant the motion

---

requirement in addition to the recording requirement.

7. Subsection 362(b)(20) provides that the filing of a bankruptcy petition does not operate as a stay "of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order . . . ." This subsection is "[a] parallel exception" to the automatic stay that "helps implement § 362(d)(4)." <u>In re Van Ness</u>, 399 B.R. 897, 902 (Bankr. E.D. Cal. 2009).

- 11 -

without leave to amend.  Although "[t]he court should freely give leave [to amend] when justice so requires" (Fed. R. Civ. P. 15(a)(2), incorporated herein by Fed. R. Bankr. P. 7015), leave need not be granted where amendment would be futile.  <u>Intri-Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007); <u>Heagler v. Wells Fargo Bank, N.A.</u>, 2017 U.S. Dist. LEXIS 49815, *7 (E.D. Cal. March 31, 2017).  The court is unable to conceive of any manner in which the plaintiff might amend her complaint that would alter the court's conclusions about the notice issues discussed above.

    For the reasons stated, the motion will be granted without leave to amend and the adversary proceeding will be dismissed.  The court will issue an order.

Dated: September 15, 2017

*Robert Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the U.S. Mail.

Diane H. Hatton
10265 Granite Dell Road
Coulterville CA 95329

Anthony D. Johnston
1600 G Street. Suite 103
Modesto CA 95354

Erin M. McCartney
30 Corporate Park #450
Irvine CA 92606